**E-FILED**
Tuesday, 08 February, 2011  02:01:18 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| D.L., *a minor by and through his mother,* Holly Lannen, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 09-cv-4059 ) ) |
| ROCK ISLAND COUNTY FOREST PRESERVE and MICHAEL T. HUFF, | ) ) ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant, Michael T. Huff (Doc. 33). For the reasons set forth below, the Motion is GRANTED.

### BACKGROUND

The Second Amended Complaint (Doc. 29) alleges that Plaintiff was denied access to the Niabi Zoo on account of his disability on July 18, 2009 in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act. 29 U.S.C. § 701, *et seq.* Plaintiff allegedly suffers from osteogenesis imperfecta and requires the use of a service dog in order to carry on his daily activities. The Complaint alleges that Defendant Rock Island County Forest Preserve owns and operates the Zoo. Plaintiff was apparently denied access to the Zoo because he could not provide certification that his dog was a service dog.

After allegedly being denied access to the Zoo, Plaintiff contacted the Rock Island County Sheriff's Department, seeking assistance in entering the Zoo. An

unnamed "dispatcher" told Plaintiff to either provide certification to the Zoo that the dog was a service dog or to leave the dog in his vehicle prior to entering the Zoo. Plaintiff was told that a "shift commander" would call her back, however, she received no such call. Plaintiff alleges that Defendant Michael T. Huff, "as Sheriff of Rock Island County, is liable for any neglect or omission of the duties of his office by deputies." (Second Amended Complaint ¶ 29). Plaintiff further alleges that Defendant Huff "acted with deliberate indifference when [he] discriminated against" Plaintiff by refusing access to the Zoo with the service dog. (2nd Am. Comp. ¶¶ 32 and 38).

## DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. *Massey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) (citations and editing marks omitted). In particular, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Claims made pursuant to the ADA and the Rehabilitation Act are generally subject to the same requirements. *See Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004). Defendant Huff is being sued in his official capacity, a necessity given that the two acts authorize suits only against public entities. *See 42 U.S.C.* §§ 12131-12133; 29 U.S.C. §§ 794, 794(a); *United States v. Georgia*, 546 U.S. 151, 154 (2006); *Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116, 119-120 (7th Cir. 1997). Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason or such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

The language of the Rehabilitation Act varies and has requirements that are not relevant to the pending Motion to Dismiss. A "public entity" is "any department, agency, special purpose district, or other instrumentality of the State or States or local government." 42 U.S.C. § 12131(1)(B).

The facts alleged in the Second Amended Complaint reveal that Plaintiff is complaining that the Sheriff's Department failed to assist in efforts to access the Zoo. In his response, however, Plaintiff also appears to be asserting that the Sheriff's Department also discriminated against Plaintiff, on account of his disability, by failing to provide assistance. If the former is Plaintiff's only allegation, it is unclear to the Court what claim Plaintiff is asserting under the ADA or the Rehabilitation Act. The gravamen of this claim is that Plaintiff was

denied access to the Zoo, by Zoo officials, because of a disability. Plaintiff has pointed to no provision in the ADA, or any case authority, which provides that another public entity, with no apparent authority over the Zoo or the Forest Preserve, is required by federal law or otherwise to compel the Zoo to comply with the ADA. That is, Plaintiff has made no showing that the Sheriff's Department is obligated under the ADA or the Rehabilitation Act to assist him in accessing the Naiba Zoo. The Second Amended Complaint, on its face, fails to state a claim with respect to Michael T. Huff.

With respect to the second claim, the Court notes that the Second Amended Complaint cannot be fairly read to include a claim that the Sheriff's Department failed to offer him *their* assistance *because* of his disability. First, Plaintiff is not proceeding *pro se* and is not entitled to the leeway of potentially having claims made in a response to the Motion to dismiss considered as if made in a Complaint itself. *See Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Second, the Second Amended Complaint does not contain enough detail to place this Defendant on notice of such a claim or to make such a claim plausible. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation marks and citation omitted)). There is no allegation that the Sheriff's Department, as one of its services, would compel another public entity to comply with the ADA or the Rehabilitation Act. There is similarly no allegation that the Sheriff's Department was aware that Plaintiff was disabled

within the meaning of the Acts. At most, Plaintiff merely alleges that they failed to offer assistance upon demand. Such a statement, in-and-of-itself, cannot convert this Defendant's inaction into a federal claim.

## Conclusion

For the foregoing reasons, the Motion to Dismiss is GRANTED. Defendant Michael T. Huff is DISMISSED.

Entered this 8th day of February, 2011

s/ Joe B. McDade
JOE BILLY MCDADE
United States Senior District Judge